## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:07CV437** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **$10,000.00 IN UNITED STATES** | ) | |
| **CURRENCY,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **DARIO CARLON PACHECO and** | ) | |
| **HECTOR R. CARLON,** | ) | |
| | ) | |
| **Claimants.** | ) | |

This matter is before the court on the plaintiff's motion for summary judgment (Filing No. 22). The plaintiff filed a brief (Filing No. 23), an index of evidence (Filing No. 24) and an affidavit with evidence attached (Filing No. 25). The claimants did not respond to the motion. For the reasons stated below, the court concludes the plaintiff's motion should be granted.

## INTRODUCTION

On November 15, 2007, the plaintiff filed a Verified Complaint for Forfeiture against the defendant property pursuant to 21 U.S.C. § 881. **See** Filing No. 1. The Complaint alleges the defendant property represents proceeds traceable to the exchange of a controlled substance or was used or was intended to be used to facilitate the possession, sale, receipt and distribution of a controlled substance, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). The Verified Complaint for Forfeiture, Warrant for Arrest In Rem and Notice of Seizure and Procedure were served on the defendant property on November 16, 2007. **See** Filing Nos. 4 and 11.

On November 28, 2007, Dario Carlon Pacheco (Pacheco) filed an answer alleging the plaintiff lacks probable cause for forfeiture of the defendant funds. **See** Filing No. 8. Further, Pacheco alleges the property was seized in violation the U.S. Constitution and any

evidence seized was must be suppressed. *Id.* Pacheco did not assert a claim for, or any interest in, the defendant currency. On December 10, 2007, Hector R. Carlon (Carlon) filed a "Claim" of interest for the defendant funds. **See** Filing No. 13. The government provided public notice of the instant action and no other claimants filed a claim of interest in the defendant property. **See** Filing No. 14.

On February 19, 2008, the plaintiff served Carlon, though his attorney, with Request for Admissions and Interrogatories. **See** Filing No. 19 - Certificate of Service. On February 26, 2008, the plaintiff served Carlon, though his attorney, with a second set of interrogatories. **See** Filing No. 20 - Certificate of Service. There is no evidence in the record that Carlon responded to the discovery requests. Counsel for the plaintiff attests that as of March 25, 2008, the plaintiff had not received answers to discovery. **See** Filing No. 25 - Svoboda Aff. ¶ 4. The plaintiff contends Carlon, by his failure to serve responses, has made admissions which support forfeiture in this case. Accordingly, the plaintiff seeks summary judgment. The undersigned magistrate judge is specially designated to exercise jurisdiction over this matter, pursuant to 28 U.S.C. § 636 and after the consent of the parties. **See** Filing No. 20.

## UNCONTROVERTED FACTS

1.      The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345, 1355 and 1395, and pursuant to 21 U.S.C. § 881. **See** Filing No. 1 - Complaint ¶ 1; Filing No. 8 - Answer ¶ 1; Filing No. 25 - Ex. A Request for Admissions, No. 1.

2.      The defendant property is $10,000.00 in United States Currency. **See** Complaint ¶ 2; Answer ¶ 2; Request for Admissions, No. 2.

3.      The defendant property is now and will be during the pendency of this action in the judicial district of the State of Nebraska. **See** Complaint ¶ 3; Answer ¶ 3; Request for Admissions, No. 3.

4.      On or about June 18, 2007, the Defendant property was seized by agents of the Drug Enforcement Administration; the property is currently held by the United States Marshals Service. Immediately after said seizure, administrative forfeiture proceedings

were instituted by the United States Drug Enforcement Administration.  **See** Complaint ¶ 4; Answer ¶ 4; Request for Admissions, No. 5.

5.     Carlon has filed a claim for ownership, pertaining to said Defendant property, with the United States Drug Enforcement Administration.  **See** Complaint ¶ 5; Answer ¶ 5.

6.     On or about June 18, 2007, Carlon was in possession of the defendant property, as proceeds traceable to the exchange of a controlled substance, or alternatively, the defendant property was used or was intended to be used to facilitate the possession, sale, receipt and distribution of a controlled substance.  **See** Complaint ¶ 6; Request for Admissions, No. 25.

7.     The defendant property was used or was intended to be used to commit or facilitate the commission of violations of 21 U.S.C. §§ 841 and 844.  The defendant property is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), and no other property rights should exist in it.  **See** Complaint p. 10; Request for Admissions, No. 26.

8.     On Thursday, June 14, 2007, Douglas County Sheriff's Department Sergeant Ed Van Buren conducted a traffic stop on a 1994 Mercury Grand Marquis driven by Pacheco.  The stop, based on reckless driving was based on speeding, weaving in and out of traffic, failure to signal lane changes and following too closely.   Ultimately Pacheco consented to have a drug detection canine walk around the vehicle.  Sergeant Van Buren's canine alerted to the odor of narcotics and officers discovered 8.42 kilograms of cocaine with packaging concealed in the vehicle.  On June 18, 2007, after Pacheco's arrest, Carlon posted bail for Pacheco in the amount of $10,000.00 with 100 $100.00 bills.  Carlon stated Pacheco was his father and the money had come from an aunt who withdrew the money directly from a bank.  Sergeant Van Buren's canine alerted to the odor of narcotics on the currency.  The bills did not have a new crisp appearance, but appeared circulated from numerous years and series.  Carlon would not give additional information about his aunt.  On July 19, 2007, Pacheco was federally indicted for possession with intent to distribute cocaine.  **See** Complaint ¶ 6; Request for Admissions, Nos. 6-24.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); **see** *Nat'l Am. Ins. Co. v. W & G, Inc.*, 439 F.3d 943, 945 (8th Cir. 2006). When making this determination, a court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, a court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 853 (8th Cir. 2003) (**quoting** *Anderson*, 477 U.S. at 248). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Additionally, Rule 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**See** Fed. R. Civ. P. 56(e)(2). A party seeking summary judgment bears the burden of informing a court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (**quoting** Fed. R. Civ. P. 56(c)); *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006). In the face of a properly supported motion, the burden then shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 982

(8th Cir. 2004). A motion for summary judgment places an affirmative burden on the non-moving party to go beyond the pleadings and, by affidavit or otherwise, produce specific facts that show that there is a genuine issue for trial. **See** Fed. R. Civ. P. 56(e); ***Janis v. Biesheuvel***, 428 F.3d 795, 799 (8th Cir. 2005).

Under this court's local rules:

> The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law.

**See** NECivR 56.1(a)(1).

Additionally:

> The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response</u>.

**See** NECivR 56.1(b)(1) (emphasis in original).

## ANALYSIS

### A.    Compliance with Rule G

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs forfeiture actions in rem arising from a federal statute. **See** Rule G(1). Rule G, adopted in 2006, was "added to bring together the central procedures that govern civil forfeiture actions." Rule G advisory committee's note.[1] The Eighth Circuit has "repeatedly held that district courts may require claimants in forfeiture proceedings to comply strictly with [the supplemental rules] in presenting their claims to the court." ***United***

---

[1]Prior to adoption of Rule G, the procedures governing civil forfeiture were contained in Rule C.

*States v. Three Parcels of Real Property*, 43 F.3d 388, 391 (8th Cir. 1994) (applying Rule C(6)).  Pursuant to Rule G(5):

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.  The claim must:
> (A)   identify the specific property claimed;
> (B)   identify the claimant and state the claimant's interest in the property; [and]
> (C)   be signed by the claimant under penalty of perjury. . .

Rule G(5)(a)(i).

The claim must be filed "no later than 30 days after final publication of newspaper notice or legal notice."  Rule G(5)(a)(ii).  In addition to the claim requirement, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim."  Rule G(5)(b).  "The purpose of [the rule] is to inform the court that there is a claimant to the property who wants it back and intends to defend it."  *Three Parcels of Real Property*, 43 F.3d at 392 (internal quotation and citation omitted) (discussing Rule C(6)).  Accordingly, an individual's answer may be stricken if it is not preceded with a verified claim.  *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986); *United States v. RR 2*, 959 F.2d 101, 104 (8th Cir. 1992) (no abuse of discretion to strike unverified claims).  This is because "it was incumbent on [the claimant], if it desired the return of specific property, to put its ownership clearly in issue . . . by filing its claim in accordance with [the supplemental rules]."  *Bank of New Orleans & Trust Co. v. Marine Credit Corp.*, 583 F.2d 1063, 1068 (8th Cir. 1978) (applying Rule C(6)).  Furthermore, "[t]he filing of a verified claim is a prerequisite to the filing of an answer, and confers standing on a claimant to contest a forfeiture."  *United States v. $1,437.00 U.S. Currency*, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002); *see United States v. 218 Panther Street*, 745 F. Supp. 118, 120 (E.D.N.Y.1990) (claimant lacks standing to contest forfeiture because he did not timely file claim and answer).

In this case, the notice was published on November 29, 2007.  **See** Filing No. 14.  Withing thirty days of publication, both Pacheco and Carlon had counsel enter an appearance in this matter.  Both relied on the same attorney.  On November 28, 2007,

6

Pacheco filed an answer, but never filed a claim.  **See** Filing No. 8.  On December 10, 2007, Carlon filed a claim, but never filed an answer.  **See** Filing No. 13.  However, by the terms of the parties' planning report, Carlon seems to have adopted Pacheco's answer. **See** Filing No. 16.  For purposes of the plaintiff's motion for summary judgment, the court will assume, without deciding, that Carlon has complied with the procedural requirements contained in Rule G.  In any event, the plaintiff did not seek entry of default for Carlon's failure to file an answer.

The circumstances are different for Pacheco.  While Pacheco filed an answer, he did not file a claim of interest in the defendant funds.  The answer does not contain any statement of legal interest or ownership.  Additionally, the factual basis for the complaint does not suggest Pacheco has any legal interest in the defendant funds.  Other than filing the answer, Pacheco has given the court no indication of his intent to seek the property or defend it.  For these reasons, Pacheco is not a claimant for the defendant funds as there is no indication he has standing to contest forfeiture.  Pacheco's answer will be stricken.

## B.   Request for Admissions

Federal Rule of Civil Procedure 36 allows a party to serve on another party a written request for admissions regarding any statement or fact relevant to the pending action.  Rule 36(a) further provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

The matters admitted are conclusively established unless the court grants leave to withdraw or amend the admissions.  **See** Rule 36(b).  On motion of a party, the court may permit withdrawal or amendment of the admissions, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  **Id.**  Prejudice "in this context means the difficulty a party may face in proving its case because of the sudden need to obtain evidence."  ***Manatt v. Union Pac. R. Co.***, 122 F.3d 514, 517 (8th Cir. 1997); **see *Conlon v. United States***, 474 F.3d 616 (9th Cir. 2007).  The court may also consider

"[t]he presence of improper conduct by the party moving to withdraw or amend an admission, and that party's lack of reasonable explanation for untimely discovery responses." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 361 (D. Neb. 2004). However, "[i]t is well settled that a failure to respond to requests for admissions is deemed to be an admission of the matters set forth and may form a proper basis for summary judgment." *Chess Music, Inc. v. Bowman*, 474 F. Supp. 184, 185 (D. Neb. 1979) (**citing** *Luick v. Graybar Electric Co., Inc.*, 473 F. 2d 1360, 1362 (8th Cir. 1973)).

In this case, the plaintiff has come forward with specific facts showing there is no genuine issue for trial. The specific facts are the allegations set out in the Request for Admissions served on Carlon. The plaintiff served Carlon with the Request for Admissions on February 26, 2008. He neglected to respond within thirty days of service, or at all, as required by Rule 36(a). Carlon did not move to withdraw or amend the admissions. Carlon does not give any explanation for his failure to provide responses. It does not appear the substance of the requests are disputed. The facts contained in the Request for Admissions are therefore admitted facts.

## C.    Civil Forfeiture

In a civil forfeiture action, the Government has the burden to show by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c).  Property is subject to forfeiture where there is a substantial connection between the currency and the offense of drug trafficking.  **See** 18 U.S.C. § 983(c)(1) & (3); **see also** *United States v. $84,615.00 in U.S. Currency*, 379 F.3d 496, 501 (8th Cir. 2004). "Circumstantial evidence can be used by the United States to establish its burden of proof." *$84,615.00 in U.S. Currency*, 379 F.3d at 501.

"Once this initial showing has been made, the burden shifts to the party opposing forfeiture to demonstrate by a preponderance of the evidence the property is not subject to forfeiture or that a defense to forfeiture is applicable."  *United States v. Premises Known As 3639-2nd Street, N.E., etc.*, 869 F.2d 1093, 1095 (8th Cir. 1989).  "The claimant cannot meet this burden by simply resting on his pleadings: instead, the claimant 'must set forth specific facts by affidavits or otherwise showing that there is a genuine issue

for trial." ***United States v. One Parcel of Property, etc.***, 964 F.2d 814, 816 (8th Cir. 1992), **rev'd on other grounds sub nom.,** ***Austin v. United States,*** 509 U.S. 544 (1993). Moreover, "if the government meets its burden, it will prevail unless the claimants introduce evidence to support their case." ***United States v. Real Property Located at 3234 Washington Ave. North, Minneapolis, Minn.***, 480 F.3d 841, 844 (8th Cir. 2007) (quoting ***United States v. $174,206.00 in U.S. Currency***, 320 F.3d 658, 662 (6th Cir. 2003)).

Here, based on Carlon's failure to respond to the Request for Admission, he has admitted all the essential allegations of the plaintiff's Complaint. Most importantly, Carlon has admitted the defendant property represents proceeds traceable to the exchange of a controlled substance, or alternatively, was used or was intended to be used to facilitate the possession, sale, receipt and distribution of a controlled substance. Additionally, the factual allegations contained in the complaint and admitted to by Carlon, although initially denied by Pacheco, show at a minimum by the preponderance of the evidence that the property is subject to forfeiture. Based on the admissions of the only person who has made a claim against the defendant funds, the court finds the plaintiff has met its burden of showing there is a substantial connection between the currency and the offense of drug trafficking. The claimants have provided no opposition to the plaintiff's factual allegations, which are deemed admitted and uncontroverted, and no support for any applicable defense. Furthermore, the plaintiff has shown there are no material facts in dispute which precludes summary judgment. Upon consideration,

**IT IS ORDERED:**

1.      Dario Carlon Pacheco's Answer (Filing No. 8) is hereby stricken.

2.      The plaintiff's motion for summary judgment (Filing No. 22) is granted.

3.      Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered on this date in accordance with this Order.

DATED this 30th day of April, 2008.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge